LUIS F. GONZÁLEZ, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 757. Argued April 20, 1931.—Decided May 7, 1931.

*Luis Muñoz Morales* and *Enrique Rincón* for petitioner.   *Angel A. Vázquez* for intervener, plaintiff in the main action.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This case is here on writ of certiorari.   Luis F. González filed in this Court a petition, in which he alleged that the District Court of San Juan had denied him the right to intervene in a certain action which was being prosecuted before that court, and that he had no other speedy, adequate, and effective remedy in the ordinary course of law to enforce his right, unless this court reviewed by certiorari the proceedings in the action.   The writ was issued and the proceedings are now before us.   The parties were heard through their counsel on the 20th of last April.

The action in question, suit No. 13450, was brought in the District Court of San Juan by Francisco López Quiñones against Candelario Quiñones to recover the sum of $1,027.51, originating in a debt of $383.40 and interest thereon owed by the defendant to the plaintiff and his brother, Remedios, since 1894, and arising from the disposal by the defendant of certain property belonging to said plaintiff and his brother; which debt had been acknowledged in a public deed executed on May 4, 1929.   According to the complaint, the principal and interest amounted on November 6, 1930, when the complaint was filed, to $2,055.03.   The plaintiff claims one-half of this amount.

There was filed, together with the complaint, a motion for an attachment (*aseguramiento de sentencia*), which the court granted; and in the same month of November, 1930, the marshal levied the attachment on a piece of property of

forty-three acres (*cuerdas*) belonging to defendant and located in Río Grande.

The defendant resisted the action by filing several preliminary motions and finally his answer, on January 13, 1931. The case was included in the calendar, and on February 25, the trial was set for March 10.

At this stage, Luis F. González filed, on March 4, 1931, a petition in intervention, accompanied by a complaint, from which it appears that he is a judgment creditor of the defendant in the sum of $2,987.78, and that he has an interest in the "only property known to belong to the judgment debtor, Candelario Quiñones," which is the property of 43 acres attached in the action herein to secure the effectiveness of the judgment that might be rendered.

We have also before us the record of the proceedings in suit No. 14021, in which a judgment was rendered in favor of González. It appears from such record that on February 13, 1931, González, who is a physician-surgeon, filed suit against Quiñones to recover from him $2,987.78, of which $2,485 was for professional services and $502.78 for loans in cash to Quiñones, who was served with the summons on the same day. On February 24, he applied for an extension of time to file an answer, and two days later he filed a motion acknowledging the correctness and legitimacy of the amounts claimed, and consented to a judgment against him. In order to render the said judgment final and at once executory (*ejecutable*), the defendant waived in his motion his right of appeal. On February 28, 1931, the court entered judgment accordingly; and based thereon, González filed his motion for intervention in suit No. 13450.

The plaintiff, López Quiñones, opposed the intervention, and on March 10, 1931, the court denied the motion filed. Thereupon González applied to this Court for a writ of certiorari. His petition, filed on February 13, was denied on the 16th. He insisted by filing a new petition on the 18th.

On the 24th the Court ordered that the writ be issued, which was done on the 25th.

While the above was taking place in this Court, the district court held a trial of the case on March 10, 1931, for which day it had been set, as has been stated, and judgment was rendered on March 25, 1931.

The foregoing facts speak for themselves. In our judgment, intervention was properly denied. We will not stop to consider the decisions in which section 72 of our Code of Civil Procedure has been construed, which are numerous in this jurisdiction and generally, we think, support such denial. It will be sufficient to cite, with approval, the statement made by the district judge in returning the writ. It is as follows:

"The attention of the Supreme Court is respectfully called to the fact, that, notwithstanding the statement of the petitioner made in good faith to the Court, that section 1838, of the Civil Code alleged to be infringed has not been construed either by that Supreme Court or by the Supreme Court of Spain, the truth is that said section 1838, equivalent to section 1937 of the Spanish Civil Code, was construed by the Supreme Court of Puerto Rico in Berríos v. Rev. Carmelite Mothers, 3 P.R.R. 292, 297, where the Court, speaking through Mr. Justice Figueras, said:

" 'Although article 1937 of the Civil Code provides that creditors and any other person interested in validating a prescription may benefit thereby, notwithstanding the express or implied renunciation of the debtor or owner, this power is subordinate to the provisions of article 1111 of the aforesaid code, and it has not been shown that the creditor, Berríos, had attached the property of which the debtor is in possession in order to collect what is due him.'

"The attention of the Supreme Court is further called to the fact that it does not appear from the complaint in intervention that the petitioner has attached in any manner the property of which the debtor is in possession, in order to collect the debt."

It seems advisable to explain that section 1111 cited in the *Berríos* case, *supra,* is equivalent to section 1078 of our Civil Code.

The averment in the complaint in intervention, that the 43-acre tract attached was the only piece of property known

as belonging to the defendant, is not sufficient. The recognition in favor of a creditor of the right to allege the prescription which his debtor failed to plead, requires that he should first have exhausted the property of which the debtor may be in possession, in order to collect his claim.

The writ of certiorari issued must be discharged and cases Nos. 13450 and 14021 must be remanded to the District Court of San Juan for further proceedings in accordance with the law.

Mr. Justice Wolf took no part in the decision of this case.